# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DIONNY L. REYNOLDS,

      Plaintiff,

  v.                                                Case No. 06-0072

DAVID A. CLARKE,

      Defendant.

## DECISION AND ORDER

Plaintiff, Dionny L. Reynolds, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. On February 9, 2006, a scheduling order was issued, setting May 9, 2006, as the deadline for completing discovery and June 12, 2006, as the deadline for filing dispositive motions. Neither party filed a dispositive motion. Therefore, in a November 7, 2006, letter to the parties, the court requested an update as to the status of this action and advised the plaintiff that failure to respond could result in dismissal of this action.

The plaintiff has not responded to the court's request. Moreover, the plaintiff did not respond to the defendant's letter of December 19, 2006, in which he requested that this action be dismissed for failure to prosecute. Indeed, a review of the docket reveals that the plaintiff has not contacted the court since this action was transferred from the Western District on January 17, 2006.

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal for failure to prosecute an action or to comply with court orders. A plaintiff's failure to respond that delays the litigation can be a basis for a dismissal for lack of prosecution. Bolt v. Loy, 227 F.3d 854, 856 (7th

Cir. 2000); see also Rice v. City of Chicago, 333 F.3d 780, 785-86 (7th Cir. 2003) ("the ultimate sanction of dismissal should be involved only in extreme situations, where there is a clear record of delay or contumacious conduct."). However, no case should be dismissed for failure to prosecute without a warning to the plaintiff, either explicitly or by making clear that no further extensions of time will be granted. Bolt, 227 F.3d at 856 (citing Williams v. Chic. Bd. of Educ., 155 F.3d 853 (7th Cir. 1998)).

In the present case, the plaintiff has been warned that this action is subject to dismissal. Nevertheless, the plaintiff has failed to advise the court as to how he wishes to proceed with this case. Based on this, the court infers that the plaintiff no longer wants to prosecute this action. Therefore, this action will be dismissed. The plaintiff may file a motion for reinstatement within 30 days if: (1) he offers reasons in support of his failure to respond to the court's letter; (2) he indicates that he wishes to pursue this case; and (3) he advises the court as to the current status of this action. *See* Civil Local Rule 41.3 (E.D. Wis.).

NOW, THEREFORE**, IT IS ORDERED** that this action is **DISMISSED.**

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 17th day of April, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge